

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 3, 1977

The Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. H-938

Re: Ad valorem taxation
of sugar cane, raw sugar
and similar products
held by an agricultural
marketing association.

Dear Mr. McInnis:

You have requested our opinion whether Hidalgo County
may lawfully collect ad valorem taxes on sugar cane, raw
sugar, molasses and/or bagasse held by a cooperative
marketing association. Article 8, section 19 of the Texas
Constitution provides:

> Farm products in the hands of the
> producer, and family supplies for home
> and farm use, are exempt from all taxation
> until otherwise directed by a two-thirds
> vote of all the members elect to both
> houses of the Legislature.

The Legislature has not, by a two-thirds vote, authorized
any tax upon the commodities at issue here. Thus, the items
about which you inquire are exempt from ad valorem taxation
if they are "farm products in the hands of the producer."

This office has previously concluded that farm products
held by a cooperative marketing association pursuant to a
standard cooperative marketing agreement are exempt from
payment of ad valorem taxes. Attorney General Opinions
M-632 (1970); O-5404 (1943). This view is supported by
the decision of the Supreme Court of Texas in Texas Certified

Cottonseed Breeders' Ass'n v. Aldridge, 61 S.W.2d 79 (Tex. 1933), and we believe it to be correct.

The items about which you inquire are, therefore, exempt from taxation if they are "farm products." You have described in some detail the process by which sugar cane is harvested and reduced to juice and bagasse, with the juice then boiled and condensed until sugar crystals are formed and separated from the liquid by centrifugal force. The sugar crystal in this form is known as raw sugar, and is stored in bulk in a warehouse until it is shipped to a sugar refinery. The remaining juice is boiled until it turns into molasses.

We believe that the products described above are "farm products" within the meaning of article 8, section 19, and are, therefore, exempt from ad valorem taxation. A similar question was addressed by the First Circuit Court of Appeals in Sancho v. Bowie, 93 F.2d 323 (1st Cir. 1937), cert. denied, 304 U.S. 569 (1938). At issue in Sancho was the meaning of a Puerto Rican law exempting "growing crops and products of the land" from taxation. We find the reasoning of the court in Sancho to be persuasive:

> No one would contend that sugar cane when cut is not an agricultural product and a product of the land. We do not think, therefore, that it can be successfully contended that raw sugar when extracted from the cane, which must be done as soon as practical after being cut to preserve the juice from deteriorating, is not also an agricultural product and a product of the land. The juice of the sugar cane is clearly a product of the land and in the process of extraction and separation into raw sugar is not mixed with any other ingredient. By a well-known process the juice of the cane, after boiling and purifying, contains raw sugar in crystal form and molasses. It is then placed in a centrifugal and the molasses is thrown off, leaving the raw sugar. The change of the sugar content of the cane into the crystal form of raw sugar is necessary to

>   prepare the product for market, and is
>   not such a change as to render the result
>   any less a product of the land . . . .
>   Id. at 326.

A similar conclusion was reached by the United States
Supreme Court in American Sugar Refining Co. v. Louisiana,
179 U.S. 89 (1900). The Court declared, "Refined sugar . . .
is the natural and ultimate product of the cane, and the
various steps taken to perfect such product are but incident
to the original growth." Id. at 92.

It is our opinion, therefore, that the sugar cane, raw
sugar, molasses and/or bagasse you describe are "farm
products in the hands of the producer," and are exempt
from ad valorem taxation.

S U M M A R Y

>   Sugar cane, raw sugar, molasses and/or
>   bagasse held by a cooperative marketing
>   association are farm products in the hands
>   of the producer and are, therefore, exempt
>   from ad valorem taxation by article 8,
>   section 19 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb